IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VINCENT MARINO, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MAYTAG CORPORATION, )<br>)<br>Defendant. ) | Civil Action 02-2085 |

MEMORANDUM ORDER

CONTI, District Judge

Pending before the court is the motion for summary judgment (Doc. No. 51) filed by defendant Maytag Corporation ("defendant" or "Maytag") on the grounds that plaintiff Vincent Marino ("plaintiff") cannot meet his burden of proof to support the essential elements of his strict liability claim at trial and that plaintiff's proffer of evidence ("Proffer") (Doc. No. 42) establishes that defendant's motor shield was not unreasonably dangerous. For the purposes of this motion, the facts, as outlined in the Proffer, with certain exceptions, are treated as true.

The court will grant defendant's motion because plaintiff cannot meet his burden of proof to support his strict liability claim.

*Background*

The facts, as set forth in the Proffer, shall be accepted as true for the purposes of deciding this motion, except for the matters set forth in paragraphs 7, 17, and 19[1]. On September 6, 2001, plaintiff, a plumber, installed a Maytag dishwasher, model MDB6650 ("the dishwasher"). Proffer, ¶ 1. The installation required plaintiff to attach a discharge hose to a nozzle located inside of the dishwasher. Id. at ¶ 2. This activity is one that defendant anticipated would be performed by an installer. Id. at ¶ 3.

Upon completing the installation of the hose and adjusting wiring located near the hose, plaintiff withdrew his hand from the interior of the dishwasher. The area within the dishwashing unit is restricted and the installer is forced to work in awkward positions in order to work within the unit. Id. at ¶ 16. In addition, visibility inside of the dishwasher is limited. Id. at ¶ 16. While removing his hand, plaintiff suffered a deep laceration of his hand near the base of the thumb and nerve damage resulted. Id. at ¶ 4. The laceration occurred as plaintiff's hand passed along the edge of the dishwashing unit's motor shield. Id. at ¶ 5. The motor shield is a thin piece of metal located between the dishwasher motor and the pump hosing. Id. at ¶ 6. The motor shield is made of galvanized steel. Id. at ¶ 10.

---

[1] Defendant objected to paragraphs 7, 17, and 19 of plaintiff's Proffer on the grounds that those three statements are subjective opinions and not statements of material fact in the record. Plaintiff offered no response to defendant's objection and there is no evidentiary support in the record that "the motor shield was sharp enough to make a deep cut into plaintiff's hand" Proffer, ¶ 7, or that the motor shield was a laceration hazard, Proffer, ¶ 17. The court, accordingly, will not regard those parts of the Proffer as true for the purposes of deciding this motion. The court also will not accept plaintiff's statement in paragraph 19 of the Proffer that "[i]f plaintiff had been made aware of the potential laceration hazard of the motor shield by an appropriate warning the plaintiff would have avoided the injury." That statement is a conclusion that relies on the statement in paragraph 17 regarding the hazardous nature of the motor shield, which, as noted previously, is not supported by the evidentiary record.

Maytag made no warnings available to installers regarding the motor shield. Id. at ¶ 17. Plaintiff was not aware of any such hazard and would have avoided injury had such a warning been made. Id. at ¶ 18-19.

### *Standard of Review*

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). Where the defendant is the moving party, the initial burden is on the defendant to show that the plaintiff has failed to establish at least one essential elements to his case. Celotex v. Catrett, 477 U.S. 317, 323-24 (1986). The non-moving party cannot merely rest upon the allegations in his complaint, but must set forth specific facts that would allow a reasonable jury to find in the non-moving party's favor. FED.R.CIV.P. 56(c). A motion for summary judgment will not be defeated by the mere existence of some disputed facts, but will be defeated when there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the non-moving party. Id. at 249. The court may consider any material or evidence that would be admissible or usable at trial in deciding the merits of a motion for summary judgment. Horta v. Sullivan, 4 F.3d 2, 8 (1st Cir. 1993) (citing 10A CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2721, at 40 (2d ed. 1983)); Pollack v. City of

Newark, 147 F.Supp. 35, 39 (D.N.J. 1956), aff'd, 248 F.2d 543 (3d Cir. 1956), cert. denied, 355 U.S. 964 (1956) ("in considering a motion for summary judgment, the court is entitled to consider exhibits and other papers that have been identified by affidavit or *otherwise made admissible in evidence*") (emphasis added).

## *Discussion*

Defendant makes three arguments in support of its motion for summary judgment.  First, defendant argues that it is entitled to summary judgment because plaintiff's evidence does not include the opinion of a design or warnings expert.  Second, defendant argues that plaintiff's failure to proffer any evidence of the existence of a burr on the motor shield requires this court to enter summary judgment for defendant.  Third, defendant argues that summary judgment should be granted because defendant has established, as a matter of law, that the motor shield is not unreasonably dangerous under the standard established by the Pennsylvania Supreme Court in Azzarello v. Black Brothers Co., 391 A.2d 1020 (Pa. 1978).  Plaintiff argues that summary judgment is not appropriate in this case and that he has adduced enough evidence for the case to be presented to a jury.  The court does not need to address the arguments separately because plaintiff failed to offer evidence to raise a triable issue of fact.

Plaintiff filed this case in the Court of Common Pleas of Allegheny County on November 26, 2002.  Pursuant to 28 U.S.C. § 1332(a), the case was removed to this court on December 4, 2002.  As this court's jurisdiction is based on the diversity of the parties, Pennsylvania products liability law controls.

Plaintiff is alleging a design defect theory of liability.  The Pennsylvania Supreme Court has held that, in design defect cases, "the jury may find a defect where the product left the

supplier's control lacking any element necessary to make it safe for its intended use or possessing any feature that renders it unsafe for its intended use." Azzarello, 391 A.2d at 1027.

In opposing a motion for summary judgment in a design defect case, rather than rest on the allegations in the complaint, plaintiff is required to produce some evidence that would allow a jury to find that defendant's product was not safe for its intended use. Padillas v. Stork-Gamco, Inc., 186 F.3d 412, 414-15 (3d Cir. 1999)("[T]he burden on [plaintiff] in opposing [defendant's] motion was to come forward with evidence from which the jury could find that the machine lacked an element necessary to make it safe or possessed an element that made it unsafe for its intended purpose.").

In his opposition to defendant's summary judgment motion, plaintiff filed the Proffer to attempt to show that defendant's dishwasher was not safe for its intended use or possessed an element that made it unsafe for its intended use. A review of the Proffer, excluding the provisions not accepted as true due to the lack of evidentiary support for them, shows that plaintiff has not met his burden. The Proffer is little more than a recitation of the allegations lodged in the plaintiff's complaint. There is no evidentiary support in the Proffer to indicate that the dishwasher and its motor shield were unsafe for their intended uses or that either lacked an element that made them unsafe.

Under Pennsylvania law, in a products liability action, the plaintiff is required to prove that: (1) a product was defective; (2) that the defect existed at the time the product left the manufacturer's control; and (3) that the defect was a substantial factor in causing the plaintiff's injury. Sherk v. Daisy-Heddon, 450 A.2d 615 (1982).

Plaintiff did not adduce evidence to satisfy any of those elements. It appears to this court that plaintiff intended to rely heavily upon the testimony of his expert, Norman W. Johanson ("Johnanson"), to satisfy his burden at summary judgment. This court, however, in a memorandum order dated April 16, 2004 (Doc. No. 29), granted in part defendant's motion to strike plaintiff's expert testimony. The court held that Johnanson could testify generally about appliance warnings and, if a proper foundation is established at trial, the characteristics of sheared metal. Memorandum Opinion of April 16, 2004 ("Mem. Op.") at 2. The court also held, however, that Johnanson was not qualified as an expert on the design of the dishwasher and could not testify about the specifics of the dishwasher and the cause of plaintiff's injury. Id.

Without Johanson's stricken testimony, plaintiff has no evidence to demonstrate that the dishwasher was defective, or that the alleged defect was a substantial cause of plaintiff's injury.

Defendant argues that the fact that plaintiff has no design expert to testify should, by itself, be enough, under applicable law, for this court to enter summary judgment on its behalf. The court rejects that argument. Pennsylvania law contains no per se rule that the absence of an expert entitled a defendant to summary judgment in a design defect case. See Padillas, 186 F.3d at 416 (holding that, based on the facts in the particular case, the court could not exclude the possibility that "plaintiff's non-expert evidence will be sufficient to submit his claim of defect to the jury"). See also Wilburn v. Maritans GP Inc., 139 F.3d 350, 360 (3d Cir. 1998)(holding that expert testimony was not necessary in a case where "persons of common understanding could comprehend the primary facts offered" to demonstrate the cause of plaintiff's injuries.); Barris v. Bob's Drag Chutes & Safety Equip., Inc., 685 F.2d 94, 101 (3d Cir. 1982)(citing Pennsylvania decisions and holding in dictum that a defective condition in a product can be established by the

6

presentation of non-expert, circumstantial evidence); Jones v. Toyota Motor Sales, USA, Inc., 282 F.Supp.2d 274, 276 (E.D. Pa. 2003)(holding that expert testimony is necessary for plaintiff's case *only when laypersons would lack the necessary knowledge and experience to render a just decision*).

While a plaintiff need not necessarily have expert testimony to prove his claim in a products liability design defect case, he must have some evidence that supports the claim that the product was defective and was a substantial cause of plaintiff's injury. Plaintiff points to Padillas for support in his position that, absent expert testimony, he still can prove the necessary elements to support his claim. Plaintiff, however fails to recognize that he has not produced non-expert evidence sufficient to permit a jury to make a just decision.

In Padillas, the court noted that, absent the expert testimony at issue, the plaintiff still offered the following additional evidence: a report co-authored by defendant's engineering manager responsible for the design of the product at issue, a memorandum to defendant's employee referring to the product's safety problems, a similar machine designed by defendant's sister company which contained a safety device, and following the accident, safety measures were taken. Padillas, 186 F. 3d at 415. In this case, plaintiff offers insufficient evidence to support his claim that the design of the dishwasher was defective.

Plaintiff attached a mechanical drawing of the dishwasher to his Proffer. That drawing alone, however, would certainly not be sufficient to prove a design defect unless an expert would be able to explain the design to jurors. Jurors, as laypersons, would not have the knowledge or expertise independently to understand the drawing. In addition, the court previously ruled that Johanson, being unfamiliar with dishwasher design, could not testify about the drawing. Here,

plaintiff has only his testimony about the injury, but he did not observe the interior of the dishwasher or see the motor shield.  He did not obtain the actual dishwasher or motor shield in question in this case to show to the jury, nor does he have photographs of the dishwasher or motor shield that could be shown to a jury to support his claim.  Even if he had produced the dishwasher and photographs, plaintiff may still not have been able to survive summary judgment.  See Oddi v. Ford Motor Co., 234 F.3d 136, 159 (3d Cir. 2000)(holding that even with the actual automobile alleged to have caused the action, but without expert testimony, plaintiff could not survive summary judgment).

      The court recognizes that "[e]xpert testimony is not necessary ...if all the primary facts can be accurately and intelligently described to the jury, and if they, as persons of common understanding, are as capable of comprehending the primary facts and of drawing correct conclusions from them as are witnesses possessed of special or peculiar training of the subject under investigation." Oddi, 234 F.3d at 159 (quoting Padillas, 186 F.3d at 415-16).  On this record, the court concludes that a juror could not look at the mechanical drawing without expert testimony to explain it, listen to the testimony of the plaintiff and his expert testify regarding safety warnings generally[2], and reasonably conclude that not only was the dishwasher's design defective, but also that the dishwasher was a substantial factor in causing plaintiff's injury.  See Oddi, 234 F.3d at 159.  The jury would have to speculate about the cause of the injury. How could they determine as a matter of fact that the injury was caused by the design of the motor shield and not by something else?  Jurors in this situation "'would lack the necessary knowledge

---

[2]For Johanson to testify regarding sheared metal, plaintiff would first have to lay a foundation that the motor shield contained sheared metal.  Here, plaintiff has adduced no evidence to lay the foundation for that testimony.

and experience to render a just and proper decision.'" Jones, 282 F.Supp.2d at 276 (quoting Raysely v. Zanders, 22 Pa. D. & C. 4th 566, 567 (Lehigh Co. 1993)).

*Conclusion*

**AND NOW**, this 29th day of September 2005, upon consideration the parties' arguments and supporting documents, **IT IS ORDERED** that defendant's motion for summary judgment (Doc. No. 51) is **GRANTED.**

**IT IS ORDERED AND ADJUDGED** that judgment is entered in favor of defendant, Maytag Corporation, and against plaintiff, Vincent Marino.

The clerk shall mark this case closed.

By the Court:

/s/ Joy Flowers Conti
Joy Flowers Conti
United States District Judge

cc:   John Newborg
      428 Forbes Avenue
      Suite 220
      Pittsburgh, PA 15219

      Daniel B. McLane
      Eckert, Seamans, Cherin & Mellott
      600 Grant Street
      44th Floor
      Pittsburgh, PA 15219